UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREE S.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-cv-10592<br>Honorable Susan K. DeClercq<br>Magistrate Judge Elizabeth A. Stafford |

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 9, 11)

### I.      Introduction

Plaintiff Andree S. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act.  Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  ECF No. 7; ECF No. 9; ECF No. 11.  The Court **RECOMMENDS** that Plaintiff's motion (ECF No. 9) be **GRANTED**, the Commissioner's motion (ECF No. 11) be **DENIED,** and this matter be **REMANDED** for further consideration under sentence four of 42 U.S.C. § 405(g).

## II.     Background

### A.  Plaintiff's Background and Disability Application

Born in May 1979, plaintiff was 38 years old at the time of her alleged onset date of April 2018.  ECF No. 5-1, PageID.48, 60.  Plaintiff had past relevant work as an administrative clerk and contract finance manager.  *Id*., PageID.60.  She claimed to be disabled from depression, fibromyalgia, pernicious anemia, degenerative disc disease, Hashimoto Disease, vitiligo, and Vitamin D deficiency.  ECF No. 5-1, PageID.239.

The case was before the ALJ on remand from the Appeals Council and a hearing took place in June 2023.  *Id*., PageID.48.  Plaintiff and a vocational expert (VE) testified at the hearing.  *Id.*  In the decision that followed, the ALJ found plaintiff not disabled.  *Id.*, PageID.62.  The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  *Id.,* PageID.26.  Plaintiff timely filed for judicial review. ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

2

can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).

3

the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, he found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. ECF No. 5-1, PagID.50. At the second step, the ALJ found that plaintiff had the severe impairments of: depression with anxiety and somatic symptom disorder; degenerative disc disease of the lumbar spine; Graves' disease; thyroid disorder; fibromyalgia; asthma; anemia; and degenerative disc disease of the cervical spine. *Id.* Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.51.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform light work,[2]

> Except that she needs to avoid work at unprotected heights or around dangerous moving machinery; can do no climbing of any ladders, ropes or scaffolds; has the ability for occasional climbing of ramps or stairs; frequent balancing; occasional stooping, kneeling, crouching, and crawling; has the ability for occasional reaching above shoulder level, but with unlimited ability to reach in all other directions; no driving in the course of

---

[2] Light work involves occasionally lifting or carrying 20 pounds at a time, frequently lifting or carrying ten pounds at a time, and standing or walking for six hours out of an eight-hour workday. 20 C.F.R. § 404.1567(b); Social Security Regulation 83-10.

employment and no use of foot controls; needs to avoid concentrated exposure to dust, fumes, odors, humidity, or wetness, and no exposure to temperature extremes; needs to avoid concentrated exposure to vibration; has the ability to understand and remember simple instructions and can use judgment to make simple work related decisions; needs to avoid interaction with the public; has the ability for occasional contact with coworkers and supervisors; has the ability for occasional changes in a routing work setting; and can do no work requiring a specific production rate, such as assembly line work.

*Id.*, PageID.53.  At step four, the ALJ found that plaintiff could not perform her past relevant work as an administrative clerk or contract finance manager.  *Id.*, PageID.60.  At the final step, after considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that she could perform jobs that existed in significant numbers in the national economy, including officer helper, product marker, mail clerk, and hand packer.  *Id.*, PageID.61.  The ALJ thus concluded that plaintiff was not disabled.  *Id.*, PageID.62.

### III.   Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff challenges the ALJ's evaluation of the persuasiveness of the medical opinions and his evaluation of her subjective symptoms.  ECF No. 9, PageID.1370-1389.  The Court agrees that the ALJ failed to properly

evaluate her subjective symptoms about pain and fatigue and thus recommends that this matter be remanded on that basis.

**B.**

An ALJ's subjective symptom evaluation should not be disturbed "absent compelling reasons."  *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  At the same time, "such determinations must find support in the record."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  An ALJ must explain the bases of her subjective symptom evaluation determination, and the reviewing court should not be left to speculate about the grounds for the ALJ's decision.  *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 261 (6th Cir. 2015).

Plaintiff argues that the ALJ did not adequately consider her subjective symptoms, especially her statements about pain and fatigue. ECF No. 9, PageID.1386 (arguing ALJ "cursorily addressed" her allegations of pain and "entirely neglected to address" her statements about fatigue.). She notes that the ALJ found her to have several severe impairments known to cause fatigue, including fibromyalgia.  *Id.*, PageID.1387. Fibromyalgia is also characterized by widespread pain in the joints, muscles, and tendons.  Social Security Ruling (SSR) 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).

Generally, ALJs are required to evaluate subjective symptoms, including complaints of pain and fatigue, by confirming that objective medical evidence of the underlying condition exists and determining whether that condition could reasonably be expected to produce the alleged pain and fatigue or whether other objective evidence verifies the severity of it.  *See* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304. The ALJ then assesses any work-related limitations by determining the intensity, persistence and limiting effects of these symptoms.  *Id.*

The nature of fibromyalgia complicates this analysis.  *Cooper v. Comm'r of Soc. Sec.*, 13-cv-11883, 2014 WL 4606010, at *16 (E.D. Mich. June 17, 2014); *Bauer v. Saul*, No. 19-11570, 2020 WL 6389829, at *3 (E.D. Mich. Aug. 31, 2020).  In fibromyalgia cases, objective evidence is often unavailing, and overemphasis on it is inappropriate.  *Id.*; *Shahin v. Saul*, 18-cv-12939, 2020 WL 38931, at *3 (E.D. Mich., Jan. 3, 2020).

In *Rogers*, a seminal opinion about consideration of disability claims involving fibromyalgia, the ALJ wrongly relied on the lack of corroborating objective evidence to find the claimant's subjective complaints not fully credible.  *Rogers v. Comm'r Soc. Sec.*, 486 F.3d at 246-48.  Following *Rogers'* holding, courts in this circuit have routinely remanded matters "because of the ALJ's undue emphasis on the lack of objective evidence."

8

*Cooper*, 2014 WL 4606010, at *16 (collecting cases).  Courts recognize that normal findings are not necessarily inconsistent with fibromyalgia, so considerations of normal gait, normal motor strength, non-tender extremities, normal sensation, and normal musculoskeletal range of motion are "'simply beyond the point.'"  *Madinger v. Comm'r of Soc. Sec.*, No. 2:16-CV-882, 2019 WL 5091958, at *6 (S.D. Ohio Oct. 11, 2019) (cleaned up).

And the Commissioner has agreed that, when "objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms" of the claimant's fibromyalgia, an ALJ must consider "all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms."  SSR 12-2p, 2012 WL 3104869 at *3; *see also Luukkonen v. Comm'r of Soc. Sec.*, 653 F. App'x 393, 399 (6th Cir. 2016).

Here, the ALJ held that plaintiff had "fibromyalgia as a severe impairment" and that her "medically determinable impairments could reasonably be expected to cause" her alleged symptoms.  *Id*., PageID.51,

9

54.  But he found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  *Id*., PageID.54.  In making that finding, the ALJ failed to explain why he discredited plaintiff's subjective symptoms of pain and fatigue.  "[A]s a general matter, an ALJ is obligated to build an 'accurate and logical bridge' from the evidence to his conclusions."  *Kreilach v. Comm'r of Soc. Sec.*, 621 F. Supp. 3d 836, 844 (N.D. Ohio 2022) (quoting *Ripley v. Commissioner of Soc. Sec.*, 415 F. Supp. 3d 752, 767 (N.D. Ohio 2019)).

As the ALJ acknowledged, plaintiff complained of fatigue that caused her to have "trouble getting out of bed most days, and chronic pain all over her body."  ECF No. 5-1, PageID.54.  She also reported "trouble handling her personal care due to pain or lack of energy"; "problems with most physical activities"; "the ability to lift only a couple pounds and walk for maybe a minute or two"'; and that "she used a cane and wheelchair."  *Id*. Plaintiff testified to having "only two good days per week," and "physical issues of 9/10 pain in the neck, 10/10 pain in the back."  *Id*.  She said she "could sit for 20 minutes, stand five to 10 minutes" and "uses a "cane or wheelchair or scooter if she goes out."  *Id*.

10

The ALJ cited medical and physical therapy records corroborating that plaintiff "complained of sleeping all day and fatigue"; "complained of worsening of her fibromyalgia and weakness with no benefit from therapy"; and "continued to complain of pain and fatigue" after treatment. *Id.*, PageID.56.

Addressing plaintiff's activities of daily living, the ALJ noted that she "testified that she could handle her personal care, but some days could not get out of bed or was limited due to energy"; she "could prepare simple meals, but did no housework"; she "could shop for groceries minimally, but could not handle money due to memory issues"; and she "reported that she does not socialize, but lied in bed most of the time." *Id.*, PageID.54. The ALJ made no finding that plaintiff's allegations about her daily activities lacked credibility because they conflicted with other evidence in the record or with her reported pain or fatigue.

The only discernable basis for the ALJ's rejection of plaintiff's subjective pain and fatigue symptoms is the lack of objective medical findings. *See* ECF No. 5-1, at PageID.55-58. For example, after acknowledging that plaintiff had "complained of sleeping all day and fatigue," he noted that her "exam was normal" during that visit. *Id.*, PageID.56. The ALJ stated that "while there are certainly some physical

11

findings and limitations, they are not so significant, consistent findings that would support limitations to the sedentary level, particularly in light [of] the other evidence, including minimal findings on imaging." *Id.*, PageID.58.

The ALJ summarized his findings in a concluding paragraph, stating that "while there are some reported objective findings in the record," plaintiff's allegations were not fully supported. *Id.*, PageID.60. He summarized the reasons why he found that plaintiff was not disabled by her "breathing and thyroid issues," "back and shoulder issues," and "severe mental issues." *Id.*

*But the ALJ said nothing about why the record failed to support plaintiff's claims on disabling pain and fatigue from fibromyalgia.* *Id*. "And given the nature of fibromyalgia, where subjective pain complaints play an important role in the diagnosis and treatment of the condition, providing justification for discounting a claimant's statements is particularly important." *Rogers*, 486 F.3d at 248. The ALJ's failure to provide justification for discounting plaintiff's claims of disabling pain and fatigue is reversible error.

And though the ALJ did not specifically say so, the Court infers that he relied on the lack of objective findings to discount plaintiff's claims of pain and fatigue, thus violating the holdings of *Rogers* and other precedent

going back more than 30 years. *Rogers*, 486 F.3d at 243; *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988); *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 990 (N.D. Ohio 2003); *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 864 (6th Cir. 2011); *Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 715 (S.D. Ohio 2019). Over and over, courts have emphasized that "the absence of objective medical evidence to substantiate the diagnosis of fibromyalgia or its severity is basically irrelevant, and more 'aggressive' treatment is not recommended for fibromyalgia patients." *Kalmbach*, 409 F. App'x at 864.

The ALJ failed to build an accurate and logical bridge between the evidence and result when he relied on the type of "objective medical evidence" that would be expected with "other physical impairments." *Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d at 717.  Thus, this decision is unsupported by substantial evidence and should be reversed.

## IV.   Conclusion

The Court **RECOMMENDS** that plaintiff's motion for summary judgment (ECF No. 9) be **GRANTED**, the Commissioner's motion for summary judgment (ECF No. 11) be **DENIED**, and this matter be **REMANDED** for further consideration under sentence four of 42 U.S.C. § 405(g).

13

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 27, 2026

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

14

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager

15